NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHAOMIN LI,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   20-72691

Agency No. A209-417-051

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2022[**]
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

    Petitioner Chaomin Li, a citizen of China, petitions for review of a Board of

Immigration Appeals (BIA) order upholding the denial of his claims for asylum

based on an adverse credibility determination. We have jurisdiction under 8 U.S.C.

§ 1252, and we deny the petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review adverse credibility determinations and the attendant factual findings under the "substantial evidence" standard. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). An immigration judge (IJ) may consider "any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a bearing on a petitioner's veracity." *Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (quoting *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011)); *see also Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021). And as the BIA only partially relied on the reasoning set forth by the IJ in finding Petitioner not credible, we review only "the grounds relied upon by" the BIA. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (citation omitted).

1.      ***Border interview.*** Petitioner argues that the BIA erred in relying on the Petitioner's border interview as it was inherently unreliable. A border interview without "sufficient indicia of reliability" may be "a potentially unreliable point of comparison to a petitioner's testimony for purposes of a credibility determination." *Singh v. Gonzales*, 403 F.3d 1081, 1087–89 (9th Cir. 2005). But an indica of reliability exists when an interview is "conducted under oath, with contemporaneous notes containing the questions asked, and transcribed either by a [native language]-speaking officer or with the aid of an interpreter." *Mukulumbutu v. Barr*, 977 F.3d

924, 926 (9th Cir. 2020).

Here, the record includes a written transcript of Petitioner's interview. While the transcript makes a single reference to the Spanish language, it later specifies the interview occurred in Mandarin; Petitioner also admitted at his removal hearing that the interview occurred in Mandarin and that he understood all the questions the agent asked. Furthermore, Petitioner swore to tell the truth and was asked at the end of the interview if there was anything he would like to add to his statements. In considering the totality of these circumstances, we conclude the border interview was sufficiently reliable for the agency to consider it in assessing Petitioner's credibility. *See Matter of J-C-H-F-*, 27 I. & N. Dec. 211, 215–16 (BIA 2018).

**2.** ***Testimony regarding relatives.*** Petitioner argues that the agency inconsistently interpreted and mischaracterized his testimony, particularly about his plan to live with relatives in Texas. Petitioner stated at the border that he was unsure whether he had relatives in the United States, but later at his hearing stated that he did have relatives in the United States and had planned to live with relatives in Texas. When asked about the discrepancy, Petitioner disclaimed making the statement recorded from his border interview. Furthermore, Petitioner failed to live with his Texas relatives after his uncle submitted an affidavit to the immigration court that Petitioner would be living with him pending Petitioner's proceedings. When asked why Petitioner never lived with uncle as represented in the affidavit, Petitioner stated

3

that his uncle had submitted the affidavit as part of Petitioner's request for bond to "guarantee that [he would] attend all the hearings."

Petitioner did not provide any compelling explanation or justification that would resolve the discrepancies in his statements in any meaningful way, despite receiving several opportunities to do so. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010). Consequently, we conclude that the BIA's adverse credibility determination was supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**